IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANNY KAY WAKE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CLARIFY SENTENCE WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION<br><br><br>Case No.: 2:10-CR-230 TS |

Defendant is serving a 37-month federal sentence. He requests that he receive credit against that sentence for all of the time between the date of his arrest and the date he was formally taken into the custody of the Bureau of Prison. Thus, by his Motion, Defendant challenges the manner in which the Bureau of Prisons has calculated his credit for prior time served. He contends that, at the sentencing hearing, the Court "went on the record and stated that the Defendant shall be credited from the date of his arrest toward his term of imprisonment [this being Feb. 26, 2010, totaling one hundred and fifty-seven

(157) days]."¹  The Court has reviewed the transcript of that sentencing and finds that the issue of time served was not raised.

Further, even if it had been raised, it is the Bureau of Prisons that calculated the application of credit for time served under 18 U.S.C. § 3585.  If a defendant is not satisfied with that calculation, he may first raise the issue with the BOP through its administrative procedures.  To raise a challenge to the calculation in federal court, a defendant should file a petition under 28 U.S.C. § 2241—after first having exhausted his administrative remedies on the issue.

The Court has considered Defendant's Motion and finds that it should have been filed as a Petition under 28 U.S.C. § 2241, because it primarily alleges that the Bureau of Prisons has not correctly calculated Defendant's credit for time served under 18 U.S.C. § 3585(b).²  Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions."  Defendant is confined in the state of Colorado.  The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and <u>must be filed in the district where the prisoner is confined</u>."³  The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having

---

¹Docket No. 38 at 1.

²*United States v. Storm*, 281 Fed. Appx. 830, 832 (10th Cir. June 16, 2008) (directing that petition filed in wrong district be dismissed without prejudice so that it can be re-filed in the district where he is confined).

³*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).

jurisdiction to entertain it."[4]  In this case, Defendant has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined. Because it was filed as a Motion rather than a Petition, Defendant has not paid the nominal filing fee necessary to file such a Petition.  In the alternative, he has not moved to proceed with a § 2241 petition in forma pauperis.  Therefore, there is no Petition to transfer.  The Motion will be dismissed without prejudice so that Defendant can refile in the district where he is confined.  In addition, Defendant is reminded that before refiling his Motion as a petition under § 2241, he should "exhaust his administrative remedies with the BOP, if he has not already done so."[5]  Exhausting his administrative remedies means that he should pursue the issue of credit for time served with the Bureau of Prisons through all available procedures.  Accordingly, it is

ORDERED that Defendant's Motion to Clarify Sentence Under 18 U.S.C. § 3585(b) (Docket No. 38)  is DENIED WITHOUT PREJUDICE to its refiling as a Petition under 28 U.S.C. § 2241 in the federal district court in the district where he is currently confined.

DATED June 27, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] 28 U.S.C. § 2241(b).

[5] *Storm*, 281 Fed. Appx. 832 n.1.

3